```
SANDRA R. BROWN
Acting United States Attorney
PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division
RYAN WHITE (Cal Bar No. 255201)
Assistant United States Attorney
Deputy Chief, Cyber and Intellectual Property Crimes Section
CAMERON L. SCHROEDER (Cal. Bar No. 255016)
Assistant United States Attorney
Cyber and Intellectual Property Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2296/0596
     Facsimile: (213) 894-6436
     E-mail:    ryan.white@usdoj.gov
                cameron.schroeder@usdoj.gov
```

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SACR 17-00092-DOC |
|---|---|
| Plaintiff, | <u>PLEA AGREEMENT FOR DEFENDANT MINH VU - CORRECTED</u> |
| v. | |
| MINH VU, | |
| Defendant. | |

1. This constitutes the plea agreement between MINH VU ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the investigation of Minh Vu for violations of 18 U.S.C. § 1030 (Computer Fraud and Abuse). This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

<u>DEFENDANT'S OBLIGATIONS</u>

2. Defendant agrees to:

a. Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a one-count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with Unauthorized Access to a Protected Computer to Obtain Information in Furtherance of a Criminal Act in violation of 18 U.S.C. §§ 1030(a)(2)(C), (c)(2)(B)(ii).

b. Not contest facts agreed to in this agreement.

c. Abide by all agreements regarding sentencing contained in this agreement.

d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f. Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g. Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

h. Not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

## THE USAO'S OBLIGATIONS

3. The USAO agrees to:

a. Not contest facts agreed to in this agreement.

        b.    Abide by all agreements regarding sentencing contained in this agreement.

        c.    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

        d.    Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not further criminally prosecute defendant for violations of 18 U.S.C. § 1030 arising out of defendant's conduct described in the agreed-to factual basis set forth in paragraph 11 below. Defendant understands that the USAO is free to criminally prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement. Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

    4.    Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 19 or higher and provided that the Court does not depart downward in offense level or criminal history category.

## NATURE OF THE OFFENSE

5.   Defendant understands that for defendant to be guilty of the crime charged in Count One, that is, Unauthorized Access to a Protected Computer to Obtain Information in Furtherance of a Criminal Act, in violation of Title 18, United States Code, Sections 1030(a)(2)(C), (c)(2)(B)(ii), the following must be true: (1) defendant intentionally accessed without authorization a computer; (2) by accessing without authorization a computer, defendant obtained information from a protected computer, that is, a computer that was used in or affecting commerce or communication between one state and another state, or between a state of the United States and a foreign country; and (3) defendant committed the offense in furtherance of a criminal act, specifically, Intentionally Damaging a Computer by Knowing Transmission, in violation of 18 U.S.C. § 1030(a)(5)(A).

6.   To commit the offense of Intentionally Damaging a Computer by Knowing Transmission, in violation of 18 U.S.C. § 1030(a)(5)(A), the following would have to be true: (1) defendant knowingly caused the transmission of a program, code, command, or information to a computer; (2) as a result of the transmission, defendant intentionally impaired without authorization the integrity or availability of data, a program, a system, or information, and (3) the computer was a protected computer, that is, a computer that was used in or affecting commerce or communication between one state and another state, or between a state of the United States and a foreign country.

PENALTIES AND RESTITUTION

7. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Sections 1030(a)(2)(C), (c)(2)(B)(ii), is: 5 years imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9. Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction

in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

10.  Defendant understands that defendant will be required to pay full restitution to the victims of the offense to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty; and (b) any charges not prosecuted pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those charges.  The parties have no agreement regarding the applicable amount of restitution; the USAO believes it is approximately $1,449,290, but recognizes that this amount could change based on facts that come to the attention of the parties prior to sentencing.

11.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could

6

result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

### FACTUAL BASIS

12. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 14 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On May 5, 2015, defendant was fired from employment as a computer network infrastructure manager for an international tire manufacturing company with corporate offices in Southern California ("Company A"). On August 29, 2015, from his residence in Anaheim, California, defendant intentionally accessed Company A's network server in Atlanta, Georgia, and obtained information about Company A's network, including details regarding the network structure and status of network components. Company A's server is a computer used in and affecting interstate commerce and communication. Defendant did not have authorization to access Company A's server. Defendant accomplished the access by using a network administrator account defendant had set up while he worked for Company A.

Beginning on September 29, 2015, and continuing to September 30, 2015, and using information defendant had learned on August 29, 2015, defendant accessed Company A's network again, using the same administrator account. During this intrusion, defendant

7

intentionally caused damage to, and impaired the integrity and availability of data in, Company A's computer systems by, among other things, knowingly transmitting code that shut down Company A's main storage server, taking a critical software server offline, and deleting information from Company A's backup servers, resulting in a five-day interruption of Company A's business. The computer to which defendant transmitted the malicious code and other commands was used in and affected communication between states.

Defendant committed the August 29, 2015, intrusion in furtherance of the criminal act of Intentionally Damaging a Computer by Knowing Transmission, in violation of 18 U.S.C. § 1030(a)(5)(A), committed by defendant during the September 29-30, 2015, intrusion.

## SENTENCING FACTORS

13. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

14. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

1     Base Offense Level:                6   U.S.S.G. § 2B1.1(a)(2)
2 Defendant and the USAO reserve the right to argue that additional
3 specific offense characteristics, adjustments, and departures under
4 the Sentencing Guidelines are appropriate; specifically, the USAO
5 reserves the right to argue that Specific Offense Characteristics
6 relating to a) loss, pursuant to USSG § 2B1.1(b)(1), and
7 b) sophisticated means, pursuant to USSG § 2B1.1(b)(10), will apply.
8       15.  Defendant understands that there is no agreement as to
9 defendant's criminal history or criminal history category.
10      16.  Defendant and the USAO reserve the right to argue for a
11 sentence outside the sentencing range established by the Sentencing
12 Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),
13 (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

15      17.  Defendant understands that by pleading guilty, defendant
16 gives up the following rights:
17           a.   The right to persist in a plea of not guilty.
18           b.   The right to a speedy and public trial by jury.
19           c.   The right to be represented by counsel – and if
20 necessary have the court appoint counsel – at trial.  Defendant
21 understands, however, that, defendant retains the right to be
22 represented by counsel – and if necessary have the court appoint
23 counsel – at every other stage of the proceeding.
24           d.   The right to be presumed innocent and to have the
25 burden of proof placed on the government to prove defendant guilty
26 beyond a reasonable doubt.
27           e.   The right to confront and cross-examine witnesses
28 against defendant.

9

     f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

     g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

     h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### WAIVER OF APPEAL OF CONVICTION

18.    Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK

19.    Defendant agrees that, provided the Court imposes a term of imprisonment within or below the range corresponding to an offense level of 19 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) the amount and terms of any restitution order, provided it requires payment of no more than $1.5 million; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by

the Court: the conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

20. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.

21. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 19 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the amount of restitution ordered if that amount is less than $1,449,290.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

22. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (1) the USAO will be relieved of all of its obligations under this agreement; and (2) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations

will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

23.  Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

24.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

25.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not

be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

26. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge, that was either dismissed or not filed as a result of this agreement, then:

    a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

    b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

    c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed-to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND PROBATION OFFICE NOT PARTIES</u>

27. Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not

accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

28.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 14 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

29.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one – not the prosecutor, defendant's attorney, or the Court – can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

30. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

31. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

SANDRA R. BROWN
Acting United States Attorney

_____  8/1/17
CAMERON L. SCHROEDER       Date
RYAN WHITE
Assistant United States Attorneys

_____  7/19/17
MINH VU                    Date
Defendant

_____  7/19/17
VICTOR SHERMAN             Date
Attorney for Defendant
MINH VU

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and

15

thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____  _7/19/17_____
MINH VU                     Date
Defendant

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am defendant MINH VU's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any

kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____     7/19/17
VICTOR SHERMAN     Date
Attorney for Defendant
MINH VU

**EXHIBIT A**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 17- |
|---|---|
| Plaintiff, | I N F O R M A T I O N |
| v. | [18 U.S.C. §§ 1030(a)(2)(C), (c)(2)(B)(ii): Unauthorized Access to a Protected Computer to Obtain Information in Furtherance of a Criminal Act] |
| MINH VU, | |
| Defendant. | |

The United States Attorney charges:

[18 U.S.C. §§ 1030(a)(2)(C), (c)(2)(B)(ii)]

On or about August 29, 2015, in Orange County, within the Central District of California, and elsewhere, defendant MINH VU ("VU") intentionally and in furtherance of a criminal act, to wit, Intentionally Damaging a Computer by Knowing Transmission, in violation of Title 18, United States Code, Section 1030(a)(5)(A), accessed without authorization a computer, namely, a server of a victim company, and thereby obtained information, including regarding

//

//

//

the network structure and status of network components, from a protected computer, as that term is defined in Title 18 United States Code, Section 1030(e)(2).

                                        SANDRA R. BROWN
                                        Acting United States Attorney

                                        PATRICK R. FITZGERALD
                                        Assistant United States Attorney
                                        Chief, National Security Division

                                        STEPHANIE S. CHRISTENSEN
                                        Assistant United States Attorney
                                        Chief, Cyber and Intellectual
                                          Property Crimes Section

                                        RYAN WHITE
                                        Assistant United States Attorney
                                        Deputy Chief, Cyber and
                                          Intellectual Property Crimes
                                          Section

                                        CAMERON L. SCHROEDER
                                        Assistant United States Attorney
                                        Cyber and Intellectual Property
                                          Crimes Section